UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Brandon Wayne Arnold,           )<br>                                                    )<br>                    Petitioner,      )<br>                                                    )<br>         v.                                       )<br>                                                    )<br>United States of America,        )<br>                                                    )<br>                    Respondent.   )<br>_____) | C/A No.:  8:15-cv-00033-GRA<br>(Cr. No.:  8:13-cr-00114-GRA-1)<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before this Court on Brandon Wayne Arnold's ("Petitioner") motion pursuant to 28 U.S.C. § 2255, filed on January 5, 2015.  For the reasons set forth below, Petitioner's § 2255 Motion is DENIED.

## Standard of Review

Petitioner brings this Motion *pro se*.  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).  However, a court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## Background

On October 1, 2013, Petitioner pled guilty before this Court to Count One of the indictment.  ECF No. 49.  Count One charged Petitioner with "having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce, a firearm and ammunition", in violation of 18 U.S.C. § 922(g)(1).  ECF No. 2.  On December 13, 2013, this Court sentenced Petitioner to 120 months imprisonment followed by three years supervised release, and a $100 special assessment fee.  ECF No. 52.  The judgment was entered on December 17, 2013.  ECF No. 53.

Petitioner originally filed the present Motion with the Anderson County Court on December 16, 2014.  ECF No. 56.   The Anderson County Clerk of Court returned the Motion to Petitioner on December 18, 2014, and informed him that his "office does not handle matters heard in Federal Court."  *Id.*  Petitioner then filed the Motion with this Court on January 5, 2015.  *Id.*  The government filed a Response and Motion to Dismiss the Petitioner's § 2255 Motion on January 23, 2015.  ECF Nos. 62 & 63.  A *Roseboro* Order was filed by the Court on January 27, 2015.  ECF No. 64.  Finally, Petitioner filed a Response in Opposition on February 13, 2015.  ECF No. 66.  The Court is now ready to rule on Petitioner's § 2255 Motion.

## Discussion

Petitioner's § 2255 Motion is untimely.  The Anti-Terrorism and Effective Death Penalty Act (AEDPA) instituted a one-year statute of limitations for filing motions

pursuant to 28 U.S.C. § 2255. The AEDPA's amendments to 28 U.S.C. § 2255 provide, in relevant part, that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
>    (1) the date on which the judgment of conviction becomes final;
>
>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner filed his § 2255 Motion outside of the one-year time period stated in § 2255(f)(1). The limitations period began to run on Petitioner's § 2255 Motion after his judgment of conviction became final. When a defendant chooses not to appeal his federal criminal judgment, the conviction becomes final when the opportunity to appeal expires. *See Clay v. United States*, 537 U.S. 522, 524–25 (2003); *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (explaining that a petitioner's conviction became final on the date she declined to pursue further direct appellate review). Under Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure,

Petitioner had fourteen (14) days to appeal his conviction and sentence after judgment was entered on December 17, 2013. Fed. R. App. P. 4(b)(1)(A); ECF No. 53. Petitioner's conviction, therefore, became final on January 1, 2014. Thus, the one-year period of limitations to file a motion pursuant to 28 U.S.C. § 2255(f)(1) expired on January 1, 2015. Petitioner filed his current Motion with this Court on January 5, 2015, four days after the expiration of the limitations period. ECF No. 56. Therefore, under § 2255(f)(1), the Motion is untimely on its face.

Petitioner argues that the Court "should toll the statute of limitations." ECF No. 66 at 2. Equitable tolling is available only in "those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotations omitted), *cert. denied,* 516 U.S. 832 (2004); *see also United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (quoting the same). A petitioner seeking equitable tolling generally bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005) (citation omitted). As the Fourth Circuit stated in *Harris v. Hutchinson:*

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where- due to circumstances external to the party's own conduct-it would be

> unconscionable to enforce the limitation period against the party and gross injustice would result.

209 F.3d 325, 330 (4th Cir. 2000).

Petitioner seemingly submits that he has met the grounds for equitable tolling because his filing with the wrong court was "inadvertent" and because he has "no experience in the field of legal knowledge." ECF No. 66. This argument will not stand. Courts have held that "unfamiliarity with the legal process . . . does not constitute grounds for equitable tolling." *Burns v. Beck,* 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004) (citing *Harris,* 209 F.3d at 330–32)*; see also Sosa,* 364 F.3d at 512 (noting that ignorance of the law is not a basis for equitable tolling); *Edens v. Eagleton*, No. 5:12-CV-3427-SB, 2014 WL 692872, at *3 (D.S.C. Feb. 21, 2014) (holding that failing to file with appropriate clerk is not a basis for equitable tolling); *Jones v. South Carolina,* No. 4:05-cv-2424, 2006 WL 1876543, at *3 (D.S.C. June 30, 2006) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are *not*: . . . ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness.") (emphasis in original) (unpublished); *Smith v. Mauney*, No. 5:12-cv-1449-MGL-KDW, 2013 WL 1901167, at *7 (D.S.C. Feb. 28, 2013) *report and recommendation adopted*, No. 5:12-cv-1449-MGL, 2013 WL 1901161 (D.S.C. May 6, 2013) ("Petitioner's lack of knowledge concerning the ADEPA's one-year statute of limitations does not satisfy his burden of demonstrating entitlement to equitable tolling"). In arguing that his filing was untimely because he mistakenly filed his Motion in the wrong court, the Petitioner is simply trying to repackage the tried and thoroughly rejected "ignorance of the legal process" argument. Thus, the Court

finds that Petitioner's lack of knowledge concerning the proper court to file his Motion does not satisfy his burden of demonstrating extraordinary circumstances beyond his control entitling him to equitable tolling. *See Sosa,* 364 F.3d at 512.

## Conclusion

A review of Petitioner's § 2255 Motion and the record plainly shows that Petitioner is not entitled to relief. Therefore, this Court shall DENY the § 2255 Motion and GRANT the Government's Motion to Dismiss. The Court declines to issue a certificate of appealability in this matter.[1]

                                                                    G. Ross Anderson, Jr.
                                                                    Senior United States District Judge

March  9 , 2015
Anderson, South Carolina

---

[1] When a district court issues a final ruling adverse to the Petitioner on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 & 2255. This Court has reviewed its order and, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, to satisfy § 2253(c), "a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").