UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Brandon Wayne Arnold, | ) | |
| | ) | |
| Petitioner, | ) | C/A No.:  8:15-cv-00033-GRA |
| | ) | (Cr. No.:  8:13-cr-00114-GRA-1) |
| v. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | (Written Opinion) |
| Respondent. | ) | |
| | ) | |

This matter comes before this Court on Petitioner Brandon Wayne Arnold's ("Petitioner's") *pro se* Motion for Reconsideration of this Court's March 9, 2015 Order dismissing Petitioner's Motion pursuant to 28 U.S.C. § 2255.  ECF No. 70.  For the reasons stated below, this motion is DENIED.

## Background

On October 1, 2013, Petitioner pled guilty before this Court to Count One of the indictment.  ECF No. 49.  Count One charged Petitioner with "having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce, a firearm and ammunition", in violation of 18 U.S.C. § 922(g)(1).  ECF No. 2.  On December 13, 2013, this Court sentenced Petitioner to 120 months imprisonment followed by three years supervised release, and a $100 special assessment fee.  ECF No. 52.  The judgment was entered on December 17, 2013.  ECF No. 53.

Petitioner originally filed the § 2255 Motion with the Anderson County Court on December 16, 2014.  ECF No. 56.    The Anderson County Clerk of Court returned

the Motion to Petitioner on December 18, 2014, and informed him that his "office does not handle matters heard in Federal Court." *Id.* Petitioner then filed the Motion with this Court on January 5, 2015. *Id.* The government filed a Response and Motion to Dismiss the Petitioner's § 2255 Motion on January 23, 2015. ECF Nos. 62 & 63. A *Roseboro* Order was filed by the Court on January 27, 2015. ECF No. 64. Petitioner filed a Response in Opposition on February 13, 2015. ECF No. 66. This Court denied Petitioner's § 2255 Motion on March 9, 2015. ECF No. 67. Petitioner now seeks reconsideration of the denial of his § 2255 Motion. ECF No. 70.

## Standard of Review

Petitioner brings this motion *pro se*. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). However, a court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## Discussion

As motions to reconsider are not expressly contemplated by the Federal Rules of Civil Procedure, the court will treat Petitioner's Motion for Reconsideration as a Rule 59 motion to alter or amend a judgment. Rule 59(e) allows a party to file a

motion to alter or amend a judgment within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A motion to alter or amend a judgment is "an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright et. al, *Federal Practice and Procedure* § 2810.1, at 124 (2d ed. 1995)). It may only be granted for three reasons: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id.* Furthermore, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Wright et. al, *Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995)).

Petitioner's current motion does not present new controlling law or evidence, nor does it point to any clear legal error of this Court. This Court concludes that its prior decision dismissing the petition was and is correct as a matter of law. Therefore, Petitioner's request for reconsideration should be denied.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Reconsideration is DENIED. The Court declines to issue a certificate of appealability in this matter.[1]

**IT IS SO ORDERED.**

---

[1] On December 1, 2009, the Rules Governing Section 2254 and 2255 Cases in the United States District Courts were amended to require a District Court to issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. *See* 28 U.S.C. § 2254, R. 11(a); 28 U.S.C. § 2255, R. 11(a). This amendment also encompasses motions to reconsider final rulings on habeas petitions. *See United States v. Haynes*, 354 F. App'x 763 (4th Cir. 2009) (per curiam).

                                                                                              G. Ross Anderson, Jr.
                                                                                              Senior United States District Judge

May 12, 2015
Anderson, South Carolina